**Stanley SUYDAM, Jane S. Chevalier and Patricia Anne Simpich, Appellants,**

**v.**

**Inez CUSHARD, Appellee.**

**No. 2367.**

Municipal Court of Appeals for the District of Columbia.

Argued April 6, 1959.

Decided June 23, 1959.

Russell Hardy, Jr., Washington, D. C., with whom Russell Hardy, Sr., Washington, D. C., was on the brief, for appellants.

J. Benjamin Simmons, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from a judgment for rent rendered after a hearing by the court.

The record shows that appellee, acting for the owner of a residence, by a written agreement leased the same to appellants Chevalier and Simpich for the period from May 11, 1957 to May 10, 1958, at a monthly rental of $140 payable at the office of appellee. Appellant Suydam signed the lease as guarantor that the tenants would comply with the terms of the lease including the payment of rent. In January 1958, several months before the expiration of the lease, the tenants moved from the premises without any notice to appellee; while one of the tenants testified she had mailed the key to the property to appellee when it was vacated, the latter denied ever having received the key.

On September 12, 1957, appellee, had secured a judgment by default for nonpayment of rent, but no writ of restitution was ever issued on the judgment and the tenants remained in the property until January 1958, when they voluntarily moved.

After judgment for possession had been obtained, appellant Suydam (apparently on December 3, 1957) talked with the attorney for appellee and informed him that appellant Chevalier was his daughter; that she and her three children were tenants in the residence; that he and his wife lived in their own home which was too small to accommodate his daughter, her three children, his wife and himself; that he was endeavoring to sell his own home and purchase a larger house and that when this was accomplished his daughter and her children would move in with him and his wife; that in the meantime he would like his daughter and her children to be permitted to occupy the leased premises.

The attorney agreed to this and Suydam paid him $140 on account of the rent.

The latter thereafter purchased a larger house and Mrs. Chevalier and the children vacated the leased premises and moved in with appellant Suydam. Prior to that, on December 3, 1957, Suydam addressed a letter to appellee's attorney reading as follows:

"December 3, 1957
"J. Benjamin Simmons, Esquire
"Ward, Simmons & Horton
"1025 Vermont Avenue, N.W.
"Washington 5, D. C.

"Dear Mr. Simmons:

"In accordance with our discussion today, it is agreed that on next Tuesday, December 10, I will remit to Inez Cushard the sum of $140.00 to apply on the rent of premises 3705 S Street, N.W., which my daughter Jane Chevalier and others occupy under a lease agreement dated May 1, 1957, on which lease agreement I am one of the lessees.

"It is further agreed that on January 6, 1958, I will pay Inez Cushard another $140.00, and on January 20, 1958, I will pay Inez Cushard another rental payment of $140.00 and not later than January 20, 1958, I will pay Ward, Simmons & Horton $32.00 covering court costs and attorneys fees heretofore incurred and on which I admit full liability for payment.

"In accordance with my discussion with you this date, my wife and I have purchased a home and signed a contract with J. Leo Kolb, broker, about two weeks ago. It is understood that when settlement can be had on the house and possession obtained, rather promptly thereafter my daughter Jane Chevalier and Patricia Ann Simpich will vacate premises 3705 S Street, N.W. I agree to notify you as soon as I know the settlement date so that Mrs. Cushard may proceed to obtain a new tenant and I will be personally responsible for the prompt payment of any additional rent or deficiency in

rent that may be due for the remainder of the lease.

> "Very truly yours,
> "Stanley Suydam
> "1215–30th St., N.W.
> "Washington, D. C."

The record also shows that after the tenants vacated in January 1958 the owner diligently tried to secure another tenant for the property but was unable to do so until March 15, 1958. The judgment rendered was for the rent due to the March 15th date.

Appellants contend that appellee was not the proper party to bring the suit because she was not the owner of the property; that the lease was terminated by the judgment for possession entered on September 12, 1957; that a new agreement was created by the Suydam letter of December 3, 1957, and that accordingly no suit could be maintained on the lease. We think it evident from the record that these contentions are without merit.

Affirmed.